# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**HILARY DEEN GOODWIN**                                           **PLAINTIFF**
**ADC #42042**

**V.**                       **CASE NO. 3:19-cv-240 JM**

**BENJAMIN BRISTOW,** *et al.*                                     **DEFENDANTS**

## ORDER

Plaintiff Hilary Deen Goodwin, in custody at the Craighead County Detention Center, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 and application for leave to proceed *in forma pauperis* (IFP), which has been granted. (Doc. Nos. 1, 2, 5).

## I.     Screening

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly*, 550 U.S. at 570.

However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Background

Goodwin sued public defenders Benjamin Bristow, Brian Miles, and Scott Davidson, prosecuting attorneys Corey Seats and Scott Ellington, and the State of Arkansas. (Doc. No. 2.) She alleges that Bristow, Miles, Davidson, and Seat tried to sabotage her defense in a state criminal case. (*Id*. at 7) And she claims they conspired with prosecuting attorney Seats in an attempt to get her to plead guilty. (*Id*. at 7-8.)

## III. Discussion

In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id*. at 44.

Accordingly, a federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary

circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Goodwin is involved in ongoing state criminal proceedings, and Arkansas has an important interest in its criminal justice procedures. As such, the Court should abstain from entertaining plaintiff's constitutional claims. Further, there is no indication of bad faith, harassment, or any other extraordinary circumstance that would make abstention inappropriate.

Having determined that the Court should abstain from entertaining Goodwin's claims, it must decide whether to dismiss, or to stay, the case. Where only injunctive or equitable relief is sought, dismissal is appropriate. *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481 (8th Cir. 1998). Goodwin, however, seeks damages. Accordingly, Goodwin's case is stayed and administratively terminated. *Stroud*, 179 F.3d at 603-04.

## IV. Conclusion

IT IS THEREFORE ORDERED THAT:

1. The Clerk of the Court is directed to stay and administratively terminate this proceeding pending final disposition of Goodwin's state criminal charges.

2. Goodwin may file a motion to reopen this case after such final disposition.

3. This Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal taken from this Order and accompanying Judgment is considered frivolous and not in good faith.

IT IS SO ORDERED this 9th day of September, 2019.

_____
UNITED STATES DISTRICT JUDGE